FILED
SUPERIOR COURT
OF GUAM

2019 MAY 10 PM 4: 51

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| In the matter of the Guardianship of Yuk Lan Moylan | Case No. SP0106-07 DECISION AND ORDER |
|---|---|

This matter is before the Honorable Michael J. Bordallo. Petitioner Lina Leialoha M. Alston ("Ms. Alston") is represented by attorney Jacqueline Taitano Terlaje of the Law Office of Jacqueline Taitano Terlaje, P.C. Petitioner Richard E. Moylan ("Mr. Moylan") is represented by Douglas B. Moylan of the Law Offices of Douglas B. Moylan. The proposed ward in this matter is the mother of Ms. Alston and Mr. Moylan, Ms. Yuk Lan Moylan ("Mrs. Moylan"), a senior citizen, age 100. The matter before the Court is Ms. Alston's Second Ex Parte Request for Orders Pending Hearing and Other Pending Matters ("Request"). Mrs. Moylan's recurring household bills and monthly expenses for typical care and maintenance are the most pressing concern because no one is authorized to access her bank accounts to pay the expenses. The Court takes judicial notice that Mrs. Moylan is incompetent to manage her own financial affairs, and there is presently no guardian of the estate, either special or general.

Ms. Alston has submitted a list of accrued expenses that total $25,682.34. This includes a property tax bill owed to the Treasurer of Guam in the amount of $13,082.24. It also includes payroll to Ms. Alston for providing caregiving to Mrs. Moylan. Ms. Alston has requested two payments of $1,830.05 each for caregiving, one to cover the period from Apr. 16 to Apr. 30, 2019, and the other to cover the period from May 1 through May 15, 2019. Based on the Annual Reports for 2018, 2017, and 2016, it appears that Ms. Alston has regularly received approximately the same compensation for providing caregiving, around $1830.05 every half month, with some minor fluctuations through the years. Therefore, the Court will authorize this expenditure. The other expenses in the Request are unremarkable, such as tax preparation services, recurring bills for power, water, pool service, cable, and lawn care, various insurance payments, and taxes on rental income. Guam law states, "In the management and disposition of the person or property committed to him, a guardian may be regulated and controlled by the court." 15 GCA § 3501. In this case, the Court hereby appoints Ms. Alston on a temporary basis as a special limited guardian of the estate of Mrs. Moylan to withdraw funds from Mrs. Moylan's bank accounts for the sole purpose of paying exactly the expenses Ms. Alston outlined in the Request. Upon completion of satisfying these expenses using Mrs. Moylan's funds, the guardianship will be terminated. Funds for expenses in future months will be dealt with at a future time. The Court acknowledges that establishing this very limited guardianship is not a typical appointment, but the Court takes judicial notice that if Mrs. Moylan does not pay her monthly expenses, like the ones being addressed here, electricity, water, internet, personal care services, lawn services, etc., those services will be discontinued, typically within 60 days. Among the limited options, the Court believes establishing an order to pay the bills is the preferable choice.

Ms. Alston has petitioned to be appointed general guardian and special guardian of the estate of Mrs. Moylan due to Mrs. Moylan being incompetent. As the Supreme Court of Guam has explained in an appeal on this guardianship matter, appointment of a new guardian requires a hearing with prior notice of at least five days. In the Matter of Guadianship of Moylan, 2018 Guam 21 ¶ 13. In that case, the Supreme Court of Guam quoted Guam law, which states

> Any relative or friend may file a verified petition alleging that a person is insane or incompetent. Thereupon the clerk shall set the same for hearing by the court and shall cause notice to be given to the alleged insane or incompetent person of the time and place of hearing, not less than five (5) days before the time so appointed ….

15 GCA § 3802 (2005). This Court respectfully disagrees with the Supreme Court of Guam's interpretation of the statute because the interpretation results in this Court being forced to revisit whether a person (i.e., Mrs. Moylan) is incompetent when she has been considered incompetent for over a decade and under the care of a personal guardian during that time. Nevertheless, notice must be given to Mrs. Moylan of the time and place of any hearing concerning such a petition, and such notice has not been given in this case. Once notice is provided to Mrs. Moylan and the five-day period elapses, the matter of guardianship can be taken up anew. The Court advises both parties to comply with the notice requirement.

The Court finds no requirement to serve interested parties with notice of a petition for guardianship. However, after the letters of guardianship are issued, any relative of the ward may make a written request stating his desire for notice of the filing or commencing of any of a variety of petitions and proceedings associated with the guardianship, the disposition of estate property, and so forth. See 15 GCA ¶ 4701.

With regard to the Public Guardian as guardian of Mrs. Moylan, Guam law states, "The Public Guardian shall not be appointed if another suitable guardian is available and willing to accept the guardian appointment, unless the Court finds that the best interests of the ward would be better served by the appointment of the Public Guardian." 7 GCA § 3112(c). Additionally, in order for the Public Guardian to be appointed as guardian, a petition must be filed. See Id. at 3112(a). The petition can be filed by either the Public Guardian itself or someone responsible for the care of the proposed ward. An oral petition does not suffice.

The Court notes that at the hearing on May 10, 2019, Mr. Moylan asserted that Ms. Alston has failed to demonstrate the Mrs. Moylan is incompetent. The Court finds such a statement to be disingenuous considering that Mrs. Moylan has been deemed incompetent and has been under the care of a guardian of her person for over ten years, namely Ms. Alston. Mr. Moylan's statement seems to be consistent with Mr. Moylan's estrangement from Mrs. Moylan and suggests that he is not seeking the best interest of Mrs. Moylan.

SO ORDERED, this _10_ day of _May_ 2019.

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

SERVICE VIA COURT
I acknowledge ... of the
original he ...ced in the
court box c.:
JACqueline T-Tenlaje
Douglas B. Moylan
Date: 5|10|19    4:55pm

Clerk, Superior